IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-14-146 |
| | * | |
| LAMONT THOMAS | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending is Lamont Thomas's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 173), requesting that his sentence be reduced to time served or modified to be served on home confinement. Thomas seeks relief on the basis that FCI Elkton, where he is currently incarcerated, has experienced a high number of COVID-19 cases and is taking insufficient precautions to protect Thomas from COVID-19.

To the extent that Thomas requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, *2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

As for Thomas's request to reduce his sentence, the court is not persuaded that Thomas's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] Thomas does not state that he has any

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *2–3 (D. Md. Apr. 6, 2020) (citing cases).

1

underlying conditions that would increase his risk of severe illness related to COVID-19. While the court acknowledges Thomas's concerns about the conditions at FCI Elkton, without evidence that Thomas himself is particularly vulnerable to COVID-19, the court does not find that the current conditions at FCI Elkton *alone* constitute an "extraordinary and compelling" reason for his release.[2]

Accordingly, Thomas's motion for compassionate release (ECF 173) is DENIED WITHOUT PREJUDICE to renewal.

So Ordered this __17th__ day of September, 2020.

                                                          __/S/__
                                             Catherine C. Blake
                                             United States District Judge

---

[2] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). Here, Thomas states that he "tendered his request" for compassionate release to FCI Elkton's warden on May 30, 2020 and as of the date of his request to this court, July 27, 2020, he had received no response. (ECF 173, Mot. at 2). Thomas does not provide documentation to support the exhaustion of his administrative remedies. The court nonetheless assumes, for the purpose of resolving Thomas's motion, that he has met the statutory exhaustion requirements.